IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 28 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01473-OES

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

Plaintiff,

v.

J. D. WALTERS, ADX Property Lieutenant, et al., and
ADX-UNIT DISCIPLINE COMMITTEE CHAIRMAN MEMBERS TEAM,

Defendants.

ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

On July 25, 2005, Plaintiff submitted to the Court a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction," a "Memorandum of Law in Support of Motion for TRO and Preliminary Injunction," and a "Memorandum of Law in Support of Motion for a TRO and Preliminary ('Prohibitory') Injunction."

Plaintiff then on August 15 filed a "Memorandum of Law in Support of Motion for a Preliminary Injunction/Protective Order," and a "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction and Protective Order." He also filed a Prisoner Complaint, a "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction/Protective Order," and a "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction and Protective Order," on August 16.

Plaintiff further on August 16 filed four separate documents that were ordered returned to him. In the August 24 Order directing the documents to be returned, the

Court instructed Plaintiff to refrain from filing a single document that is captioned with multiple civil action numbers. Plaintiff then filed a Prisoner Complaint on September 6, which the Court instructed him to file a new complaint form and correct the caption by inserting his proper name as the plaintiff.

The Court now directs Plaintiff to refrain from filing any unneeded collateral filings. Plaintiff was told by the Court in a previous action, that it is unnecessary for Plaintiff to refer to a separate document as opposed to providing the information on the Complaint form or on additional pages attached to the Court-approved Prisoner Complaint form as needed. **See C. Eli-Jah Hakeem Muhammad, a.k.a. Christopher Mitchell v. BOP Office of Information and Privacy, et al.**, No. 04-cv-02159-ZLW (D. Colo. Apr. 13, 2005) (Not selected for Publication).

Moreover, the Memorandums and Declarations that Plaintiff has filed to date are redundant and unnecessary, and in some cases improperly filed in the instant action. The Memorandum and the Declaration filed on September 16 do not address the claims raised in the Amended Complaint and are asserted against an individual other than the named Defendants in the instant action. If Plaintiff intends to file a motion for injunctive relief he must identify the document as such and seek relief as it pertains to the claims that he raises in the Complaint.

As for Plaintiff's Amended Complaint filed September 20, the Court must construe the Amended Complaint liberally, because Plaintiff is a pro se litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite

2

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a pro se litigant's advocate. *See id.*

In the September 20 Amended Complaint, Plaintiff raises two claims. In Claim One, he asserts that his personal property was confiscated from him in violation of his constitutional rights. He further asserts that the personal property included legal, religious, and personal items. In Claim Two, Plaintiff asserts that the confiscation of his PSI report violates his constitutional rights.

In regards to whether Plaintiff has exhausted his administrative remedies, he responds to Question Two under Section F. Administrative Relief, on Page Seven of the complaint form, by stating that "Remedies–Torts on Claim One Claim Two, None, Discipline Charges Expunge." Plaintiff also states that he seeks declaratory and injunctive relief.

With respect to the named Defendant, ADX Unit Discipline Committee Chairman Members Team, the Committee is not a person for the purpose of a *Bivens* action. Plaintiff, therefore, must name as parties to the action each of the members of the committee and demonstrate how each of them personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation

and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

As for exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff is a prisoner confined in a correctional facility and his claims relate to prison conditions. Therefore, Plaintiff must exhaust the available administrative remedies.

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Plaintiff has failed to meet the burden of pleading exhaustion of administrative remedies.

Also, Plaintiff should note that he is required to exhaust all claims. *Ross v. County of Bernalillo*, 2004 WL 902322 (10th Cir. Apr. 28, 2004). If all claims are not

exhausted the Court is required to dismiss the action in its entirety without prejudice. *Id.*

Plaintiff is instructed to file a Second Amended Complaint. Plaintiff should note that an amended complaint supersedes the original complaint. **See Boelens v. Redman Homes, Inc.**, 759 F.2d 504, 508 (5th Cir. 1985); **Cameron v. Fogarty**, 705 F.2d 676 (2d Cir. 1983); **London v. Coopers & Lybrand**, 644 F.2d 811 (9th Cir. 1981). The Second Amended Complaint must stand on its own and not refer to or incorporate by reference the original complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular Defendant or Defendants violated Plaintiff's rights. Furthermore, the Second Amended Complaint must contain all the alleged claims, the request for relief, and a listing of all of the named Defendants, in other words, all information requested on the Court-approved Prisoner Complaint form. Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an original and a copy of a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Second Amended Complaint shall be titled, "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff a copy of this Order and two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff shall file his claims on a Court-approved Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Second Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, **within thirty (30) days from the date of this Order**, an original and sufficient copies of a Second Amended Complaint that complies, to the satisfaction of the Court, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 28 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01473-OES

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
USP-MAX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** the above-named individuals on __9-28-05__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk